IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                                          CRIMINAL NO. 1:96cr57-LG-JMR-002

JAMES R. BROWN, JR.

### ORDER DENYING MOTION FOR SENTENCE
### REDUCTION UNDER 18 U.S.C. § 3582(c)(2)

This cause is before the Court on motion of the Federal Public Defender, on behalf of the defendant, James R. Brown, Jr., for retroactive application of the sentencing guidelines to his sentence [375] pursuant to 18 U.S.C. § 3582(c)(2) based upon recent amendments to the sentencing guidelines applicable to offenses involving cocaine base, and the subsequent decision by the United States Sentencing Commission [Sentencing Commission] to make this amendment retroactive, pursuant to United States Sentencing Guideline § 1B1.10 [USSG] effective March 3, 2008.

Brown entered a guilty plea to counts 1 and 11 of an eleven count indictment on November 21, 1996.  (Ct. R., Doc. 109.)  Brown was sentenced to term of 180 months with credit to be given for time served on this offense.  (Ct. R., Doc. 150, p. 2.)  He received a period of supervised release of 5 years, and was fined of $2,500, and assessed $50.  (*Id*., pp. 1, 3.)  According to information provided by the United States Probation Office, Brown was held accountable for 12.327 kilograms of cocaine base, which provided for a base level offense of 38.  A two level enhancement was applied for possession of a weapon, and Brown was given a two level reduction for acceptance of responsibility, and a 3 level downward departure under USSG §

5K2.0. This resulted in a total base offense level of 35. Brown was sentenced to a term of 180 months imprisonment.

The Court's authority under 18 U.S.C. § 3582(c)(2) and Federal Rule of Criminal Procedure 43(b)(4) to reduce a sentence extends to situations where the sentencing range has been lowered. Under § 3582(c)(2) the Court is authorization to reduce a sentence where the applicable "sentencing range" has been subsequently lowered. Amendment No. 706 provides that this reduction "shall not apply in a case in which the offense involved 4.5 kg or more [cocaine base]." USSG § 2D1.1. Here, Brown's sentence was based on a quantity of crack that exceeded 4.5 kilograms (12.237 kilograms), so that the guideline range remains the same, and he is not entitled to a reduction of his 180 month term of imprisonment.

The Court, therefore, finds that a reduction in Brown's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and that his motion should be denied.

**IT IS THEREFORE ORDERED** that the motion for change in sentence [375] pursuant to 18 U.S.C. § 3582(c)(2) be and is hereby denied.

**SO ORDERED AND ADJUDGED** this the 25th day of June, 2008.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE